ROBERT A. MILLS, RESPONDENT, *v.* HENRY RODEWALD, APPELLANT.

*Order of arrest — motion to vacate — denied with leave to renew — renewal of motion after judgment.*

November 20, 1869, an order for the arrest of the defendant was granted in this action, and on December 28, 1869, a motion to vacate the same was denied with leave to renew the motion on showing the amount secured by an attachment previously issued in the action. In 1872 the action was tried and judgment recovered by the plaintiff. In February, 1877, this motion was made to vacate the order of arrest.

*Held,* that it was properly denied as the leave to renew was only given for a special purpose, and the right to renew was terminated by the entry of the judgment.

APPEAL by defendant from an order denying a motion to vacate an order of arrest.

*George C. Genet,* for the appellant.

*Thos. Bracken,* for the respondent.

DAVIS, P. J. :

The order of arrest in this case was made November 20th, 1869. The motion to vacate the order was made upon the original papers and affidavits in December following, and denied on the twenty-eighth day of that month. By the order of denial leave was given to renew the motion, on showing the amount secured by the attachment previously issued.

The judge who heard the motion indorsed on the papers a memorandum, as follows :

"The motion to vacate the order of arrest is denied, with leave to renew the motion on showing the amount secured by the attachment. It is oppressive to obtain an order of arrest after an attachment has been levied to secure the claim, and both remedies should not be resorted to."

It thus appears that the leave to renew was given for the pur-

pose of enabling the defendant to show that the claim upon which the action is brought was wholly or in part secured by the attachment previously levied, and doubtless with the intention of enabling him to move to discharge the order of arrest, on the ground that the plaintiff had secured his claim, or so much of it that the amount for which he was held to bail should be reduced. There was no renewal of the motion for any such, or any other purpose, prior to the judgment. In 1872 the action was tried and judgment given in favor of the plaintiff; and in February, 1877, some five years after the entry of judgment in the action, a motion to vacate the order of arrest was renewed, and denied. In denying the same the judge holding the Special Term stated the following grounds :

"First. The leave given to renew the motion was not intended to enable the defendant to renew it after the entry of judgment, nor after the lapse of so many years.

"Second. Assuming the motion to be properly before the court, it should, in my opinion, be denied on its merits."

We think the first of these objections was sufficient to justify the denial of the motion. Section 204 of the Code provides that a defendant arrested may, at any time *before judgment*, apply on motion to vacate the order of arrest. Under this section it has been frequently held that the application must be made before judgment. (*Barker* v. *Wheeler*, 23 How., 193 ; *Roberts* v. *Carter*, 17 id., 479 ; *Union Bank* v. *Mott*, 9 Abbott, 106, 107.) The application in this action was made before judgment and was denied; but leave to renew was given for a special purpose, to wit, to enable the defendant to show that the claim, or some portion of it, was secured by attachment, on the ground that if secured in whole or in part, the order of arrest might be vacated or the amount of bail reduced. Several years elapsed before judgment was obtained, during which a motion might, for all the purposes for which the leave to renew was given, have been easily made. The defendant, however, has delayed until several years after the judgment was entered, and we think it must be held that his right to renew the motion was completely terminated by the judgment.

We refrain, therefore, from examining the merits of the motion, as we think this objection ought to be fatal; and our examination

of the question upon the merits might be drawn into a precedent for similar experiments. .

The order should be affirmed, with ten dollars costs and disbursements.

BRADY, J., concurred; INGALLS, J., taking no part.

Order affirmed, with ten dollars costs and disbursements.